UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VENKATA CHOWDADA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:18-cv-00655-JAR |
| THE JUDGE GROUP, | ) ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant The Judge Group's Motion to Dismiss. (Doc. 3). Plaintiff has responded (Doc. 7), and Defendant replied (Doc. 9).

### Background

Defendant is an international staffing and training organization that places employees with clients on a temporary contract basis. Plaintiff was hired by Defendant and places as a business analyst in the IT Finance & Investment Solutions group at RGA Reinsurance Company. (*See* Doc. 1-5.) In his complaint, Plaintiff alleges that Defendant discriminated against him by failing to give him adequate notice that his contract would not be renewed. (Doc. 1.) He attaches a February 22, 2017, email that he wrote to RGA's Director of IT Development and Application Support, in which he says that he was notified that day by Defendant that his employment would end two days later, on February 24. (Doc. 1-5 at 2.) RGA responded that it had told Defendant about the termination nearly two weeks before. (*Id.* at 1.) Plaintiff believes that Defendant's delay in informing him that the contract would not be renewed amounted to race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

1

§§ 2000e, *et seq.*, and Missouri Law. (Doc. 1-4.) He filed suit, asserting that the late notice resulted in five months of lost pay, a gap in employment that could negatively affect his future prospects, and a loss of health insurance. (Doc. 1 at 7.)

In his complaint, Plaintiff represents that he filed charges of discrimination with both the Equal Employment Opportunity Commission ("EEOC") (Doc. 1-3), and the Missouri Commission on Human Rights ("MCHR"), on August 22, 2017—179 days after his contract was terminated. (Doc. 1 at 3; Doc. 1-4.) However, he also attaches a copy of his MCHR charge, which is date-stamped January 9, 2018—319 days after his contract was terminated. (Doc. 1-4.) He did not attach a copy of his EEOC charge to his complaint. (*See* Doc. 1.)

Defendant moved to dismiss the complaint, arguing that Plaintiff's date-stamped MCHR complaint proves that his claims are unambiguously time-barred by the 180-day time limit on EEOC and MHRC filings. (Doc. 3.) In response, Plaintiff submitted a computer screenshot of his record on the EEOC's public web portal. (Doc. 7-1.) Under the **My Charge** heading, it reads: "The charge of employment discrimination filed on **08/25/2017** with the U.S. Equal Employment Opportunity Commission (EEOC) by **Venkata L. Chowdada** against **THE JUDGE GROUP** is available for you to view online." (*Id.*) Below, under the **My Documents** heading, it lists "CP's Affidavit, Form 283, Charge Questionnaire, and documents submitted," noting that those were added by the EEOC on August 29, 2017. (*Id.*) Plaintiff asserts that the portal supports his assertion that his claims are not time-barred. (*Id.*)

Defendant first argues that the Court cannot consider the screenshot of the EEOC portal because it was not attached to Plaintiff's complaint. (Doc. 9.) It asserts that the Court must rule on its Motion to Dismiss based solely on the complaint and the attachments thereto. (*Id.*) In addition, Defendant argues that the portal only proves that Plaintiff filed a Form 283 questionnaire, not a Form 5 formal charge of discrimination. (Doc. 9.) Asserting that an EEOC

2

charge is not filed for timeliness purposes until the plaintiff submits a Form 5, Defendant points to a December 28, 2017 letter from the EEOC, in which Plaintiff is directed to fill out and return a Form 5, as evidence that Plaintiff had not yet done so. (*See* Doc. 7-1.)

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

"The failure to timely file a complaint with the commission may be raised as a complete defense by a respondent or defendant at any time, either during the administrative proceedings before the commission, or in subsequent litigation." Mo. Rev. Stat. § 213.075. Under Missouri law, a complaint to the MHRC must be filed within 180 days of the alleged act of discrimination. *Id.* EEOC complaints are similarly subject to a 180-day deadline "unless the complainant also files a charge with an appropriate state agency." *Arnold v. St. Louis Metro. Police Dep't Bd. of Police Comm'rs*, No. 4:11-CV-01155 CDP, 2013 WL 147843, at *10 n.6 (E.D. Mo. Jan. 14,

3

2013). When a Missouri plaintiff files a charge of discrimination with the EEOC, the applicable limitations period extends to 300 days. *Id.*

**Analysis**

Plaintiff's last day on the contract at issue was February 24, 2017. (Doc.1-4.) He asserts that he filed a charge of discrimination with the EEOC well within the time period for doing so. (Doc. 1 at 3.) He attaches the screenshot of the EEOC portal as proof. (Doc. 7-1.)[1] Defendant argues that the screenshot does not support Plaintiff's claim that he filed a Form 5 charge with the EEOC on August 22, 2017—only that he submitted a Form 283 questionnaire. (Doc. 9.) The Court notes that the documentation Plaintiff submits may raise questions as to the timing of his filing. Specifically, the portal lists August 25, 2017, as the date the charge of discrimination was filed, which contradicts Plaintiff's asserted filing date of August 22. (*See* Doc. 1 at 3; Doc. 7-1 at 1.)

However, there is no dispute that Plaintiff's EEOC filing extended the statute of limitations for his claim to 300 days and set December 21, 2017, as the deadline for filing. 42 U.S.C. § 2000e-5(e)(1); Mo. Rev. Stat. § 213.075.2. Accepting as true Plaintiff's assertion that he filed his charge of discrimination on August 22, *Iqbal*, 556 U.S. at 678, Plaintiff's EEOC charge of discrimination was filed within 300 days of the alleged discrimination. The Court notes that additional timeliness issues may be developed through discovery and addressed in a later motion, but at this juncture, if the Court accepts Plaintiff's asserted filing date as true and finds that his Title VII claim is timely.

---

[1] Defendant argues that the Court cannot consider the screenshot because it was not attached to Plaintiff's complaint. (Doc. 9.) Generally speaking, "matters outside the pleadings are not to be considered, while attachments to the pleadings can be." *Kehoe v. Wal-Mart Stores E., LP*, No. 4:08CV991 HEA, 2009 WL 57143, at *2 (E.D. Mo. Jan. 9, 2009). However, it is also true that documents 'necessarily embraced by the complaint' are not matters outside the pleading." *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

The analysis surrounding the timing of Plaintiff's MHRC charge of discrimination is different. First of all, the Supreme Court has held that the limitations period begins to run "when the plaintiff receives notice of a termination decision," *Hernton v. Aarons, Inc.*, No. 4:17-CV-01441-AGF, 2018 WL 2364284, at *2 (E.D. Mo. May 23, 2018) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)), meaning the appropriate start date is February 22, 2017, when Plaintiff sent an email complaining about the lack of notice, (Doc. 1-5). While the change in start date does not affect the timeliness of Plaintiff's EEOC charge—which is subject to a 300-day period—it does mean his asserted filing date of August 22, 2017, was 181 days after he was notified of his impending termination. (*See* Doc. 1 at 3.) Importantly, the 180-day deadline for filing MHRC claims does not increase in the same way the EEOC limitations period does. *Hernton*, 2018 WL 2364284, at *2 (noting that MCHR charges are always subject to a 180-day time limit). Therefore, Plaintiff's Missouri law claim is time-barred.

## Conclusion

Accepting Plaintiff's allegations as true, as this Court must when considering motions to dismiss, *Iqbal*, 556 U.S. at 678, he filed charges of discrimination with the EEOC and MCHR 181 days after he received notice of the termination decision. That was within the 300-day limitations period for EEOC complaints but outside the 180-day limit for MCHR complaints.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Judge Group's Motion to Dismiss (Doc. 3), is **GRANTED in part**. Plaintiff's claim that he was terminated in violation of Missouri law is **DISMISSED**. Plaintiff may proceed on his federal claim.

Dated this 29th Day of March, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5