# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VENKATA CHOWDADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-00655-JAR |
| ) | |
| JUDGE TECHNICAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Motions to Compel filed by Defendant Judge Technical Services, Inc. ("JTS") and Plaintiff Venkata Chowdada. (Docs. 21, 26.) JTS seeks supplemental responses to twenty-one interrogatories and forty-five requests for production. (Doc. 21 at 1-2.) Plaintiff apparently seeks supplemental responses to all of his written discovery requests. (Doc. 26 at 1.)

## Defendant's Motion to Compel (Doc. 21)

Defendant argues that Plaintiff failed to respond substantively to any of its interrogatories or requests for production. (Doc. 21.) Defendant attached Plaintiff's responses to its memorandum in support. (Docs. 22-3, 22-4). In response to Defendant's interrogatories, Plaintiff lists nine general objections—including relevance, undue burden, and privilege—and then provides the same specific response to each:

> Plaintiff hereby incorporates the General Objections stated above as if set forth in full herein. Plaintiff objects on the grounds that it is vague and ambiguous. Plaintiff further states that the allegations contained in his first complaint and the documents and information produced to date by Plaintiff are specific to Racial Discrimination.

(Doc. 22-3.) To each request for production, Plaintiff responds with "Necessary documents were already filed on the case besides the Plaintiff's objections to the Defendant's interrogatories." (Doc. 22-4.)

These responses are clearly insufficient. Fed. R. Civ. P. 33(b) (Objections must be "stated with specificity and the court will not consider general objections.") Moreover, as defendant notes, some of Plaintiff's objections are obviously inapplicable, such as attorney-client privilege, and others are asserted with no clear factual basis, such as his claim that documents from January 2012 "justifies my original complaint of Defendant's intent of Racial Discrimination." (Doc. 22-3 at 2.) In addition, Plaintiff's uniform responses to Defendant's interrogatories and requests for production rob Defendant (and the Court) of any ability to assess the legitimacy of a given objection.

In his response opposing Defendant's motion to compel, Plaintiff argues that "[his] activities are simply not on trial in this case," and asserts that "[he] will support his claim with evidence—trial testimony, deposition testimony, declarations, and documents produced in discovery." (Doc. 25 at 1.) He adds, "Defendant can take discovery to obtain the same evidence, to cross examine witnesses at deposition or trial. That is all they are entitled to." (*Id.*)

Plaintiff is mistaken. Federal Rule of Civil Procedure 26(b) allows for the discovery of "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." Such matter includes responses to interrogatories and production of documents and Plaintiff's stonewalling improperly prevents Defendant from obtaining discovery to which it is entitled under the Federal Rules.

Plaintiff belatedly asserts that six of Defendant's interrogatories are irrelevant. (Doc. 25 at 2.) However, he fails to communicate why that information is irrelevant and therefore leaves the Court unable to resolve these somewhat more specific objections.

Accordingly, the Court will grant Defendant's motion to compel and will order Plaintiff to respond to Defendant's interrogatories and requests for production. Plaintiff is directed to respond to Defendant's discovery requests as fully as possible, either by answering the interrogatory and producing the requested document or by stating a specific and detailed explanation for not doing so.

## Plaintiff's Motion to Compel (Doc. 26)

For his part, Plaintiff describes Defendant's responses as "incomplete and deficient," asserting that "Defendant failed to provide the documentation requested by Plaintiff and failed to provide responsive answers to some of the interrogatories propounded." (Doc. 26 at 1.) He takes specific issue with Defendant's invocation of the attorney-client privilege, arguing that "All the communication between the "Client" and the "Defendant" is necessary as the Defendant, JUDGE TECHNICAL SERVICES INC, listed the parties of the communication as witnesses at Trial." (*Id.* at 2.)

Defendant responds that Plaintiff failed to make any informal attempt to resolve their dispute as required by Local Rule 3.04(A). ("The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or made reasonable efforts to do so.") Even still, Defendant argues, "Plaintiff fails to offer a reason as to *why* or *how* [Defendant's] discovery responses are 'unacceptable.'" (Doc. 28 at 2.) As to Plaintiff's specific objection to

Defendant's assertion of privilege, Defendant reiterates that demands for "all documents" necessarily includes protected communication. (*Id.* at 2-3.)

The Court concludes that Plaintiff's objections are not sufficiently specific to allow Defendant to remedy the alleged shortcomings. The Court's conclusion is bolstered by Plaintiff's apparent failure to make any attempt at informal resolution before filing his motion to compel. The Court will therefore deny the motion and advise Plaintiff that future discovery disputes should first be addressed through conference with opposing counsel and any issues that cannot be resolved informally should be put to the Court in as clear and complete manner as possible.

## Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Judge Technical Services, Inc.'s Motion to Compel (Doc. 21), is **GRANTED**. Plaintiff is ordered to respond as described above.

**IT IS FURTHER ORDERED** that Plaintiff Venkata Chowdada's Motion to Compel (Doc. 26), is **DENIED**.

Dated this 2nd day of April, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE