UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VENKATA CHOWDADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-00655-JAR |
| ) | |
| JUDGE TECHNICAL SERVICES INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Case for Failure to Cooperate in Discovery and Obey the Court's Discovery Order (Doc. 34) and Motion to Reset the Dispositive Motion Deadline and Vacate Trial Setting. (Doc. 45).

**Motion to Dismiss Case for Failure to Cooperate in Discovery**

On April 2, 2020, this Court ordered Plaintiff to respond to Defendant's interrogatories and requests for production. (Doc. 30). On June 4, 2020, after no response was received, Defendant filed a Motion to Dismiss for Failure to Cooperate in Discovery and Obey the Court's Discovery Order. (Doc. 34). This Court accordingly stayed Plaintiff's pending Motion for Summary Judgment (Doc. 33) and ordered Plaintiff to comply with the Court's previous Order. (Docs. 41; 43). On September 4, 2020, Plaintiff filed a response to the Court's Order which included more detailed answers to interrogatories and certain requested documents. (Doc. 44).

Fed. R. Civ. P. 37 permits a district court to dismiss an action in whole or in part as a sanction for failing to comply with a discovery order. Dismissal, however, "is among the harshest of sanctions, and '[t]here is a strong policy favoring a trial on the merits and against

depriving a party of his day in court.'" *Sentis Group, Inc. Coral Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 995-96 (8th Cir. 1975)). "[T]he opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977).

Defendant argues that Plaintiff's discovery responses "fall woefully short" and provide "only the minimal amount of information." (Doc. 45 at 2). Upon careful review of Plaintiff's discovery submissions, this Court finds that the harsh sanction of dismissal is not warranted. The present circumstances are easily distinguishable from *Lindstetd v. City of Granby*, 238 F.3d 933 (8th Cir. 2000), cited by Plaintiff. In *Lindstedt*, the pro se litigant essentially refused to engage in any discovery and "willfully and intentionally refused to answer Defendants' interrogatories as a litigation tactic." *Lindstetd*, 238 F.3d at 936. Plaintiff, a pro se litigant, has now made a good faith effort to respond to Defendant's interrogatories and requests for production. Overall, Plaintiff has substantially complied with Defendant's discovery requests.

Of the discovery responses Defendant considers deficient, most speak to the issue of damages. For example, Defendant argues that Plaintiff has not provided information regarding subsequent sources of income "or other similar documents relevant to Plaintiff's mitigation of his alleged damages." (Doc. 45 at 2-3). If this case proceeds to trial, the Court will consider any future requests by Defendant for more limited sanctions due to Plaintiff's failure to fully comply with discovery on the issue of damages.

## Motion to Reset Dispositive Motion Deadline and Vacate Trial Setting

The Court agrees with Defendant that it is appropriate to vacate the trial date, currently set for November 9, 2020, given Plaintiff's delayed compliance with his discovery obligations. All trial-related deadlines are similarly vacated. The Court will set a new trial date in due course.

With regard to dispositive motions, the Court agrees that an extension is appropriate. In the interest of proceeding expeditiously, however, the Court will not simply vacate the dispositive motion deadline.  The parties shall file any dispositive motions no later than November 13, 2020. Additionally, the Court will lift the stay on Plaintiff's pending Motion for Summary Judgment (Doc. 41) and order Defendant to respond to the motion within 21 days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Case for Failure to Cooperate in Discovery and Obey the Court's Discovery Order (Doc. 34) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Reset the Dispositive Motion Deadline and Vacate Trial Setting (Doc. 45) is **GRANTED in part.** The trial setting of November 9, 2020 and all trial-related deadlines are hereby **VACATED.** The dispositive motion deadline shall be extended to **November 13, 2020**.

**IT IS FINALLY ORDERED** that the Court's prior Order granting Defendant's Motion to Stay (Doc. 41) is **VACATED.** Defendants shall respond to Plaintiff's Motion for Summary Judgment (Doc. 33) within **21 days** from the date of this Order.

Dated this 2nd day of October, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE