UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VENKATA CHOWDADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-00655-JAR |
| ) | |
| JUDGE TECHNICAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Defendant Judge Technical Services, Inc.'s ("JTS") Motion for Bill of Costs. (Doc. 59). Plaintiff Venkata Chowdada has responded (Doc. 61), and Defendant has replied. (Doc. 62). This Court, construing Plaintiff's filing liberally, has interpreted Plaintiff's response as a motion for reconsideration. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1977).

### I.   BACKGROUND

On April 25, 2018, Plaintiff, proceeding pro se, filed this action alleging employment discrimination by JTS in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. (Doc. 1). On January 19, 2021, this Court entered summary judgment in favor of JTS on all claims, holding that Plaintiff failed to make a prima facie case of racial discrimination or demonstrate that JTS' non-discriminatory explanation for its actions were merely pretextual. (Docs. 57, 58). JTS now moves against Plaintiff for $1,539.17, the amount of costs incurred to obtain a transcript of Plaintiff's deposition.

## II.  MOTION FOR BILL OF COSTS

District courts may award costs to a prevailing party pursuant to Fed. R. Civ. P. 54(d), but such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Under 28 U.S.C. § 1920(2), a district court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." If the opposing party objects to the authorized costs, this Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). District courts have "substantial discretion" in awarding costs under Rule 54(d). *Smith*, 436 F.3d at 889 (citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)).

JTS seeks costs for the transcript of Plaintiff's deposition. Costs for deposition transcripts may be recovered if the deposition was necessarily obtained for use in the case. When assessing if depositions were necessary, the Eighth Circuit has directed district courts to consider "whether the depositions reasonably seemed necessary at the time they were taken." *Zotos*, 121 F.3d at 363 (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996)). Deposition costs may not be taxed when they are purely investigative. *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995).

After careful consideration, this Court holds that it was reasonable and necessary for JTS to take a deposition of Plaintiff. This Court relied in part on certain statements made by Plaintiff at the deposition in granting summary judgment (Doc. 57 at 8-9), and courts in this district have consistently recognized the necessity of taking the plaintiff's deposition. *See, e.g.*, *Hamidi v. City of Kirksville*, No. 2:14-CV-00087 ERW, 2016 WL 6563470, at *2 (E.D. Mo. Nov. 4, 2016). The itemized invoice submitted by JTS, however, indicates that the deposition took approximately 4.5 hours. JTS also paid $592.32 to expedite delivery of the transcript. Given the limited scope of

this case, as well as the fact that Plaintiff's claims were always tenuous at best, this Court believes a one-hour deposition would have been sufficient to accomplish JTS' objectives. The Court also finds that there was no need to obtain an expedited transcript as this case was not litigated on an urgent basis. Costs incurred purely for a party's own convenience may not be recovered. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, No. 4:07-CV-1456 CEJ, 2009 WL 214598, at *1 (E.D. Mo. Jan. 28, 2009).

Accordingly, this Court will subtract the expedite fee ($592.32), appearance fee for additional hours ($140.00), and 75% of the transcript fee ($522.64) to reflect that the deposition should have been completed in approximately one quarter of the time. Plaintiff owes JTS $284.21 in costs after accounting for these reductions. In limiting JTS' costs, this Court also considers the relative financial status of the parties relevant. *See Thull v. Techtronic Indus. Co., Ltd.*, No. 11-CV-2368 (PJS/LIB), 2015 WL 1021316, at *3 (D. Minn. Mar. 9, 2015) ("District courts within the Eighth Circuit have, in the past, considered the non-prevailing party's financial status when determining whether to tax costs.").

### III.    MOTION FOR RECONSIDERATION

In his response to JTS' motion, Plaintiff "requests [C]ourt to reconsider the unfair judgment ordered and consider this as an appeal to re-open the case and call for [t]rial to review the evidence and hear Plaintiff's oral argument." (Doc. 61 at 2). This Court liberally construes Plaintiff's filing as seeking reconsideration of this Court's granting of summary judgment in favor of JTS. By failing to clarify whether the request for reconsideration is brought pursuant to Fed. R. Civ. P. 59(e) or 60(b), Plaintiff places the Court in a "difficult position." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Generally, courts in this circuit assume that motions directed at a final judgment (like Plaintiff's motion here) fall under Rule 59(e). *Id.*; *see also Auto*

*Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). This Court will proceed to address Plaintiff's motion under both rules.

    A.    <u>Rule 59(e)</u>

Rule 59(e) states that a party must file a motion to alter or amend judgment no later than 28 days after entry of judgment. This deadline cannot be extended per Fed. R. Civ. P. 6(b)(2). This Court entered judgment in favor of JTS on January 19, 2021 (Doc. 58) and Plaintiff did not seek reconsideration until March 25, 2021. (Doc. 61). Plaintiff's response is therefore untimely under Rule 59(e) and must be denied. Alternatively, on the merits, this Court has broad discretion when addressing Rule 59(e) motions, which "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted). Plaintiff's motion merely rehashes the same arguments addressed in the summary judgment briefing and does not offer any new evidence. *See In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) ("It is not appropriate to use a Rule 59(e) motion to repeat arguments or raise new arguments that could have been made before judgment."). Therefore, Plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) will be denied on both procedural and substantive grounds.

    B.    <u>Rule 60(b)</u>

Rule 60(b) provides that a court may relieve a party from a final judgment for various enumerated reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The rule requires that the moving party show "exceptional circumstances" warranting "extraordinary relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (citation omitted). The Eighth Circuit has consistently maintained that Rule 60(b) "was not

intended as a substitute for a direct appeal from an erroneous judgment." *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (internal quotations omitted). Plaintiff's motion simply restates his position that JTS did not provide two weeks' notice due to racial discrimination. A Rule 60(b) motion is "not a vehicle for simple reargument on the merits." *Norris*, 193 F.3d at 990. Because Plaintiff has not demonstrated exceptional circumstances warranting relief, his motion for relief from judgment under Rule 60(b) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant JTS' Motion for Bill of Costs (Doc. 59) is **GRANTED in part and DENIED in part**. JTS shall recover the sum of $284.21 from Plaintiff as costs.

**IT IS FURTHER ORDERED** that Plaintiff Venkata Chowdada's Motion for Reconsideration (Doc. 61) is **DENIED**.

Dated this 8th day of April, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE